CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA

FILED

JAN 2 1 2010

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION
JANUARY 2010 SESSION

| | |
|---|---|
| UNITED STATES OF AMERICA | )  Criminal No: 3:09Cr00019 |
| | ) |
| v. | ) |
| | )  In violation of: |
| STACY LAMONT BERRY | ) |
| | )  Title 18, U.S.C. § 1951 |
| | )  Title 18, U.S.C. § 924(c)(1)(A) |
| | )  Title 18, U.S.C. § 2 |

## FIRST SUPERSEDING INDICTMENT

### COUNT ONE

The Grand Jury charges:

1.    That on or about June 27, 2008, in the Western District of Virginia, STACY

LAMONT BERRY, and others known and unknown to the Grand Jury, did attempt or did

conspire to unlawfully obstruct, delay and affect commerce as that term is defined in Title 18

U.S.C. Section 1951, and the movement of articles and commodities in such commerce, by

robbery as that term is defined in Title 18, U.S.C. Section 1951, in that the defendant and others,

did attempt or conspire with another to unlawfully take and obtain personal property from the

person of, or in the presence of, Victim A, against his will, by means of actual and threatened

force, violence, and fear of injury, immediate and future, to his person.

2.    At all times material to this Information, Victim A was engaged in the distribution of

narcotics and therefore is involved in an activity which affects interstate commerce.

*United States of America v. Stacy Lamont Berry*

3.    All in violation of Title 18, United States Code, Section 1951 and 2.

## COUNT TWO

The Grand Jury charges:

1.    That on or about June 27, 2008, in the Western District of Virginia, STACY LAMONT BERRY, did knowingly and intentionally use and carry a firearm, namely a Millenium 9 mm caliber, during and in relation to a crime of violence, namely: robbery, as set forth in Count One of this Indictment.

2.    It was part of that offense that STACY LAMONT BERRY did brandish the firearm.

3.    It was a part of that offense that STACY LAMONT BERRY did discharge the firearm.

4.    All in violation of Title 18, United States Code, Section 924 (c)(1)(A).

## COUNT THREE

The Grand Jury charges:

1.    That on or about July 7, 2008, in the Western District of Virginia, STACY LAMONT BERRY, and others known and unknown to the Grand Jury, did attempt or did conspire to unlawfully obstruct, delay and affect commerce as that term is defined in Title 18 U.S.C. Section 1951, and the movement of articles and commodities in such commerce, by robbery as that term is defined in Title 18, U.S.C. Section 1951, in that the defendant and others, did attempt or conspire with another to unlawfully take and obtain personal property from the person of, or in the presence of, Victim B, against his will, by means of actual and threatened force, violence, and fear of injury, immediate and future, to his person.

_United States of America v. Stacy Lamont Berry_

2.   At all times material to this Information, Victim B was engaged in the distribution of narcotics and therefore is involved in an activity which affects interstate commerce.

3.   All in violation of Title 18, United States Code, Section 1951 and 2.

## COUNT FOUR

The Grand Jury charges:

1.   That on or about July 7, 2008, in the Western District of Virginia, STACY LAMONT BERRY, did knowingly and intentionally use and carry a firearm, namely: a Millenium 9 mm caliber, during and in relations to a crime of violence, namely: robbery, as set forth in Count Three of this Indictment.

2.   It was part of that offense that STACY LAMONT BERRY did brandish the firearm.

3.   It was a part of that offense that STACY LAMONT BERRY did discharge the firearm.

4.   All in violation of Title 18, United States Code, Section 924 (c)(1)(A).

A TRUE BILL, this 21 av day of January, 2010.

_____
FOREPERSON

_____
TIMOTHY J. HEAPHY
UNITED STATES ATTORNEY

*United States of America v. Stacy Lamont Berry*