United States v. Stacy Lamont Berry,

Case No.: 3:09-cr-00019-1

<u>Jury Instructions</u>

Members of the Jury:

You have now heard all of the evidence in the case as well as the final arguments of the lawyers for the parties.

It becomes my duty, therefore, to instruct you on the rules of law that you must follow and apply in arriving at your decision in the case.

Instruction No. 1

## DUTY TO FOLLOW INSTRUCTIONS

You, as jurors, are the judges of the facts. But in determining what actually happened in the case – that is, in reaching your decision as to the facts – it is your sworn duty to follow the law I am now in the process of defining for you.  And you must follow all of my instructions as a whole.  You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you.  That is, you must not substitute or follow your own notion or opinion as to what the law is or ought to be.  It is your duty to apply the law as I give it to you, regardless of the consequences.

By the same token, it is also your duty to base your verdict solely upon the testimony and evidence in the case, without prejudice or sympathy.  That was the promise you made and the oath you took before being accepted by the parties as jurors in this case, and they have the right to expect nothing less.

Instruction No. 2

## THE GOVERNMENT AS A PARTY

You are to perform the duty of finding the facts without bias or prejudice as to any party.  You are to perform your final duty in an attitude of complete fairness and impartiality.

The case is important to the government, for the enforcement of criminal laws is a matter of prime concern to the community.  Equally, it is important to the defendant, who is charged with a serious crime.

The fact that the prosecution is brought in the name of the United States of America entitles the government to no greater consideration than that accorded to any other party to a litigation.  By the same token, it is entitled to no less consideration.  All parties, whether government or individuals, stand as equals at the bar of justice.

The question before you can never be: will the government win or lose the case.

The government always wins when justice is done, regardless of whether the verdict is guilty or not guilty.

Instruction No. 3

PRESUMPTION OF INNOCENCE,

BURDEN OF PROOF,

AND REASONABLE DOUBT

The indictment or formal charge against the Defendant is not evidence of guilt. Indeed, the Defendant is presumed by the law to be innocent.  The law does not require the Defendant to prove his innocence or produce any evidence at all.  The Government has the burden of proving him guilty beyond a reasonable doubt, and if it fails to do so, you must acquit him.

You must bear in mind at all times that the law never compels a defendant in a criminal case to testify, to call any witnesses, or to produce any evidence on his behalf. The Defendant has an absolute right not to testify, since the entire burden of proof in this case is on the Government  to prove that the Defendant is guilty, and you are not to draw any adverse inference against the Defendant because he did not testify.

Furthermore, the Defendant is not on trial for any act or any conduct not specifically charged in the Indictment.

Instruction No. 4

## EXCLUDING ARGUMENT OF COUNSEL AND COMMENT OF COURT

As stated earlier, it is your duty to determine the facts, and in so doing you must consider only the evidence I have admitted in the case.  The term "evidence" includes the sworn testimony of the witnesses and the exhibits admitted in the record.

Any statements, objections, or arguments made by the lawyers are not evidence in the case.  It is the duty of the attorney for each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible. Counsel also have the right and duty to ask the court to make rulings of law and to request conferences at the side bar out of the hearing of the jury.  All those questions of law must be decided by the Court.  You should not show any prejudice against an attorney or his client because the attorney objected to the admissibility of evidence, or asked for a conference out of the hearing of the jury or asked the court for a ruling on the law.  My rulings on the admissibility of evidence do not indicate any opinion about the weight or effect of such evidence. You are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.  It is your own recollection and interpretation of the evidence that controls in the case.  What the lawyers say is not binding upon you.

During the course of a trial, I occasionally made comments to the lawyers, or asked questions of a witness, or admonished a witness concerning the manner in which he should respond to the questions of counsel.  Do not assume from anything I may have said that I have any opinion concerning any of the issues in this case.  Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own findings as to the facts.

Instruction No. 5

## INFERENCES – DIRECT AND CIRCUMSTANTIAL

While you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience.  In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in the case.

You may also consider either direct or circumstantial evidence. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances indicating either the guilt or innocence of the Defendant. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It requires only that you weigh all of the evidence and be convinced of the Defendant's guilt beyond a reasonable doubt before he can be convicted.

Instruction No. 6

## CREDIBILITY OF WITNESSES

I have said that you must consider all of the evidence.  This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to his testimony.  In weighing the testimony of a witness, you should consider:

1)   the witness's relationship to the Government or to the Defendant;

2)   the witness's interest, if any, in the outcome of the case;

3)   the witness's manner of testifying;

4)   the witness's opportunity to observe or acquire knowledge concerning the factsabout which he testified;

5)   the witness's candor, fairness and intelligence; and

6)   the extent to which the witness has been supported or contradicted by other credible evidence.

You may, in short, accept or reject the testimony of any witness in whole or in part.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or non-existence of any fact. You may find that the testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

Instruction No. 7

## IMPEACHMENT

A witness may be discredited or "impeached" by contradictory evidence, by a showing that he testified falsely concerning a material matter, or by evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness's present testimony.

You may have heard evidence that before testifying at this trial a witness made a statement concerning the same subject matter as the testimony in this trial.  You may consider the inconsistency with that earlier statement to help you decide how much of the witness's testimony you may believe given this inconsistency.  If you find that the prior statement was not consistent with the witness's testimony at this trial, then you should decide whether that inconsistency affects the believability of the witness's testimony at this trial.

You have heard evidence that certain witnesses have been convicted of a crime (or crimes).  You may consider that evidence, together with other pertinent evidence, in deciding how much weight to give to that witness's testimony.

The fact that a witness has previously been convicted of a felony, or a crime involving dishonesty or false statement, is also a factor you may consider in weighing the credibility of that witness. The fact of such a conviction does not necessarily destroy the witness's credibility, but is one of the circumstances you may take into account in determining the weight to be given to his testimony.

It is the sole and exclusive right of the jury to determine the weigh to be given to any prior conviction as impeachment and the weight to be given to the testimony of anyone who has previously been convicted of a felony.

Instruction No. 8

## EXPERT WITNESSES

You have heard testimony from persons described as experts in certain scientific disciplines.   An expert witness has special knowledge, experience, training, or education that allows the witness to give an opinion.

You may accept or reject such testimony, just like any other testimony, giving it such weight as you may think it deserves, considering the witness's education and experience, the soundness of the reasons given for the opinion, and all other evidence in the case.

If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or that the opinion is outweighed by other evidence, then you may disregard the opinion entirely.

Instruction No. 9

## COOPERATING WITNESSES

In this case, the Government has called as witnesses an alleged accomplice or co-conspirator.  An alleged accomplice or co-conspirator, even one who has entered a plea of guilty to the offense or related offenses, is not prohibited from testifying.  However, the testimony of such a witness must be examined and weighed by the jury with great care.  The testimony of such a witness may alone be of sufficient weight to sustain a verdict of guilty, but only if you believe that testimony beyond a reasonable doubt.

The fact that an alleged accomplice or co-conspirator has entered a plea of guilty to the offense charged is not evidence, in and of itself, of the guilt of any other person.

You have heard the testimony of several witnesses who said they were cooperating with the government.  Each of these witnesses:

(1)    confessed to participating in some crime or crimes; and

(2)    has received, or hopes to receive, consideration or special treatment
        from the government for their cooperation including their testimony
        at this trial.

Some people in this position are entirely truthful when testifying.  Still, you should consider the testimony of these individuals with particular caution and scrutiny. They may have had reason to make up stories or exaggerate what others did because they wanted to help themselves.

Instruction No. 10

## TESTIMONY OF DRUG USER

The testimony of a drug user or abuser must be examined and weighed by the jury with greater care than the testimony of a witness who does not abuse drugs.  The jury must determine whether the testimony of the drug abuser has been affected by drug use or the need for drugs.

Instruction No. 11

## KNOWINGLY AND INTENTIONALLY

The word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

Instruction No. 12

COUNT ONE

Count One of the Indictment charges that, on or about June 27, 2008, Stacy Lamont Berry attempted or conspired with others to obstruct, delay and affect interstate commerce, and the movement of articles and commodities in such commerce by robbery, in that Mr. Berry attempted or conspired with others to take and obtain personal property from the person of James Duff, against Mr. Duff's will, and that the taking occurred by means of actual and threatened force, violence, and fear of injury, immediate and future, to Mr. Duff's person.

It is further charged that at all times material to the Indictment, James Duff was engaged in the distribution of narcotics and therefore is involved in an activity which affects interstate commerce.

Instruction No. 13

## COUNT THREE

Count Three of the Indictment charges that, on or about July 7, 2008, Stacy Lamont Berry attempted or conspired with others to obstruct, delay and affect interstate commerce, and the movement of articles and commodities in such commerce by robbery, in that Mr. Berry attempted or conspired with others to take and obtain personal property from the person of Kenneth Townsend, against Mr. Townsend's will, and that the taking occurred by means of actual and threatened force, violence, and fear of injury, immediate and future, to Mr. Townsend's person.

It is further charged that at all times material to the Indictment, Kenneth Townsend was engaged in the distribution of narcotics and therefore is involved in an activity which affects interstate commerce.

Instruction No. 14

ELEMENTS – COUNTS ONE AND THREE

The accused has been charged with obstructing, delaying or affecting interstate commerce by obtaining certain property through robbery.  To find the defendant guilty of this charge, the government must prove three elements beyond a reasonable doubt:

first, that Mr. Berry attempted or conspired with others to obstruct, delay and affect interstate commerce, and the movement of articles and commodities in such commerce by robbery; in that,

second, Mr. Berry attempted or conspired with others to take and obtain personal property from the persons of James Duff (Count One), against his will, and Kenneth Townsend (Count Three), against his will; and,

third, that the taking occurred by means of actual and threatened force, violence, and fear of injury, immediate and future, to his person.

If you find from the evidence that the government has proven each of the above three elements beyond a reasonable doubt, then you shall find the accused guilty.

If you find from the evidence that the government has failed to prove any one or more of the elements, then you shall find the accused not guilty.

Instruction No. 15

## OBSTRUCTS, DELAYS, OR AFFECTS COMMERCE

The term "obstructs, delays, or affects commerce" means any action which, in any manner or to any degree, interferes with, changes, or alters the movement or transportation or flow of goods, merchandise, money, or other property in commerce.

The effect on interstate commerce need not be adverse or particularly great.  Nor is it necessary for the government to prove that the defendant actually intended to obstruct, delay, or affect commerce.  Rather, this element may be proven by evidence that a defendant's actions were likely to affect interstate commerce, even though the actual impact on commerce is small.

The government must prove beyond a reasonable doubt, however, that the defendant deliberately performed an act, the ordinary and natural consequences of which would be to obstruct, delay, or affect commerce, and that commerce was, in fact, obstructed, delayed, or affected.

Instruction No. 16

## ROBBERY

The term "robbery" means the unlawful taking or obtaining of personal property from the person or in the presence of another, against his or her will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his or her person or property, or property in his or her custody or possession, or the person or property of a relative or member of his or her family or of anyone in his or her company at the time of the taking or obtaining.

Instruction No. 17

## FEAR

The word "fear" as used in this instruction means an apprehension, concern, or anxiety about physical violence or harm that is reasonable under the circumstances.

Instruction No. 18

WRONGFUL

The government must prove beyond a reasonable doubt that the defendant attempted to obtain money or property of another by the "wrongful" use of actual or threatened fear of economic loss.

The term "wrongful," in this regard, means that the defendant had no lawful claim or right to the money or the property he sought or attempted to obtain.

Instruction No. 19

## PROPERTY

The term "property," as used in these instructions, means money or anything of value.

The term "property" is not limited to tangible, physical items and includes the right to conduct business free from wrongful force, coercion or fear.

Instruction No. 20

RESPONSIBILITY FOR ACTS OR CONDUCT OF ANOTHER

In order to sustain its burden of proof as to Counts One and Three of the Indictment, it is not necessary for the government to prove that the defendant personally did every act constituting the offenses charged.

As a general rule, whatever any person is legally capable of doing himself, he can do through another acting as his agent.

So, if the acts or conduct of another is deliberately ordered or directed by a defendant or deliberately authorized or consented to by a defendant, then the law holds that defendant responsible for such acts or conduct just the same as if personally done by him.

Instruction No. 21

## CONSPIRACY

A "conspiracy" is an agreement between two or more persons to join together to accomplish some unlawful purpose or to accomplish some lawful purpose by unlawful means.  It is a kind of "partnership in crime" in which each member becomes the agent of every other member.

The Government must prove that the Defendant and at least one other person knowingly and deliberately arrived at an agreement that they, and perhaps others, would commit robbery by means of some common plan or course of action.  In other words, the evidence in the case must show beyond a reasonable doubt that the Defendant knew the purpose or goal of the agreement and entered into the agreement intending, in some way, to accomplish the goal or purpose by this common plan or joint action.

The Government does not need to prove that the alleged conspirators entered into any formal agreement or that they directly stated between themselves all of the details of the scheme.  An informal agreement will suffice.

The Government does not need to prove that all of the people whom the evidence shows were actually members of a conspiracy agreed to all of the means or methods set out in the indictment.

If, and only if, it appears from such evidence in the case that a conspiracy did exist, and that the Defendant was one of the members of the conspiracy, then you may consider the acts and statements by any person likewise found to be a member as evidence in the case as to the Defendant.  This is true even though the acts and

statements may have occurred in the absence of and without the knowledge of the Defendant, provided that such acts and statements were knowingly done or knowingly made during the existence of the conspiracy and in furtherance of some intended object or purpose of the conspiracy.  Otherwise any admission or incriminatory statement made or act done by one person outside of court may not be considered as evidence against any person who was not present, did not see the act done, or did not hear the statement made.

Instruction No. 22

## COUNT TWO

Count Two of the Indictment charges that, on or about June 27, 2008, Stacy Lamont Berry did knowingly and intentionally use and carry a firearm, namely a Millennium 9 mm caliber, during and in relation to a crime of violence, namely: robbery, as previously set forth in Count One.

Count Two further charges that Mr. Berry brandished the firearm.

Count Two further charges that Mr. Berry discharged the firearm.

Instruction No. 23

## COUNT FOUR

Count Four of the Indictment charges that, on or about July 7, 2008, Stacy Lamont Berry did knowingly and intentionally use and carry a firearm, namely a Millennium 9 mm caliber, during and in relation to a crime of violence, namely: robbery, as previously set forth in Count Three.

Count Four further charges that Mr. Berry brandished the firearm.

Count Four further charges that Mr. Berry discharged the firearm.

Instruction No. 24

## ELEMENTS – COUNTS TWO AND FOUR

The defendant has been charged in counts Two and Four with using or carrying a firearm during or in relation to a crime of violence.  To find a defendant guilty of these charges, the government must prove four elements beyond a reasonable doubt regarding each of the two counts:

first, that Mr. Berry knowingly used or carried a firearm;

second, that the use or carrying was during or in relation to a crime of violence; to wit, attempting or conspiring to obstruct, delay, or affect interstate commerce by obtaining certain property through robbery;

third, that Mr. Berry did brandish the firearm; and

fourth, that Mr. Berry did discharge the firearm.

If you find from the evidence that the government has proven each of the above four elements of the offense beyond a reasonable doubt, then you shall find the accused guilty.

If you find from the evidence that government has failed to prove any one or more of the above elements beyond a reasonable doubt, then you shall find the accused not guilty.

Instruction No. 25

## FIREARM

The term "firearm" means any weapon which will, or is designed to, or may readily be converted to expel a projectile by the action of an explosive. The term "firearm" also includes the frame or receiver of any such weapon, or any firearm muffler or firearm silencer, or destructive device.

Instruction No. 26

USE OR CARRY

The phrase "uses or carries" means having a firearm, or firearms, available to assist or aid in the commission of the crimes alleged in the Indictment.

In determining whether the defendant used or carried a firearm, you may consider all the factors received in evidence in the case, including the nature of the underlying crimes alleged, the proximity of the defendant to the firearm in question, the usefulness of the firearm to the crimes alleged, and the circumstances surrounding the presence of the firearm.

Instruction No. 27

MULTIPLE COUNTS – ONE ACCUSED

The indictment charges the accused with two counts of obstructing, delaying, or affecting commerce by robbery, and two counts of using a firearm during or in relation to a crime of violence.  You must consider each count separately and return a separate verdict of guilty or not guilty for each.  Whether you find the defendant guilty or not guilty as to one offense should not affect your verdict as to any other offense charged.

Instruction No. 28

## DUTY TO DELIBERATE

Any verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree thereto. In other words, your verdict must be unanimous.

It is your duty as jurors to consult with one another and to deliberate in an effort to reach agreement if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views and change your opinion if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times you are not partisans. You are judges–judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

Instruction No. 29

## MULTIPLE VERDICT FORM

Upon retiring to the jury room you should first select one of your number to act as your foreperson who will preside over your deliberations and will be your spokesperson here in Court. A form of verdict has been prepared for your convenience.

[Explain verdict]

You will take the verdict form to the jury room and when you have reached unanimous agreement as to your verdict, you will have the foreperson fill it in, date and sign it, and then return to the courtroom.

If, during your deliberations, you should desire to communicate with the Court, please reduce your message or question to writing signed by the foreperson, and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should never state or specify your numerical division at the time.