IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Case No. 3:09cr00019-1 |
| | ) | |
| v. | ) | **2255 MEMORANDUM OPINION** |
| | ) | |
| STACY LAMONT BERRY | ) | By: Norman K. Moon |
| | ) | United States District Judge |

Stacy Lamont Berry, a federal inmate proceeding *pro se*, filed this "Motion for Reconsideration" which I will construe as a motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255. By previous order, the court notified Berry of the court's intention to construe and address his motion as a § 2255 motion, unless he expressly objected within ten days. *See Castro v. United States*, 540 U.S. 375 (2003) (requiring court to give petitioner opportunity to elect whether criminal motion be addressed as § 2255 motion). At the same time, the court notified Berry that his motion appeared to be untimely filed and gave him the opportunity to present any other information regarding the timeliness of his motion. Berry did not object to the court's construction. Upon review of Berry's motion and the court's record, I find that Berry's motion is barred by the one-year state of limitations for filing a § 2255 motion, and, therefore, I will dismiss his motion as untimely filed pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings.

**I.**

In 2010, after a jury trial, I convicted Berry of Hobbs Act robbery and of discharging a firearm during the robbery and sentenced him to a total term of 350 months incarceration. On appeal, the United States Court of Appeals for the Fourth Circuit affirmed his convictions. Berry filed a petition for writ of certiorari in the Supreme Court of the United States which the Court

denied on October 3, 2011. Berry submitted his § 2255 motion to the court on December 11, 2012.

## II.

A motion under 28 U.S.C. § 2255 must be brought within one year from the latest of the following: (1) the date on which the sentence under attack became final, (2) the removal of some governmental impediment to filing the motion, (3) the date on which the legal predicate for the motion was initially recognized by the United States Supreme Court or (4) the date on which the factual predicate for the motion could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2255. For purposes of the one-year limitations period, the defendant's conviction becomes final when the last appeal is taken, or the time to file such an appeal expires. *See Clay v. United States*, 537 U.S. 522, 528 (2003). Thus, Berry's conviction became final on October 3, 2011, when the Supreme Court of the United States denied his petition for writ of certiorari, and he had until October 3, 2012 to file a timely § 2255 motion. However, Berry did not file his federal habeas motion until December 11, 2012, more than two months after his time to file a timely § 2255 motion passed. Accordingly, Berry's motion is time-barred unless he demonstrates grounds for equitable tolling.

A district court may apply equitable tolling only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Rouse v. Lee*, 339 F.3d. 238, 246 (4th Cir. 2003) (citing *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)). A petitioner seeking equitable tolling must demonstrate that (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstances beyond his control stood in his way and prevented timely filing. *Holland v. Florida*, 130 S. Ct. 2549 (2010); *Pace v. DiGuglielmo*, 544

U.S. 408, 418 (2005); *Harris*, 209 F.3d at 330 (citing *Miller v. New Jersey State Dep't of Corrections*, 145 F.3d 616, 617 (3d Cir. 1998)). The inmate "bears a strong burden to show specific facts" which demonstrate that he fulfills both elements of the test. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008).

In response to the court's conditional filing order, Berry argues that the court should equitably toll the statute of limitations because he was housed in administrative segregation from June 1, 2012 through October 15, 2012 and then in transit to a different facility until November 1, 2012. Berry argues that while he was in administrative segregation, he had limited access to legal resources and materials. However, I note that Berry was in administrative segregation for only four of the twelve months during which he could have filed a timely § 2255 motion.

Reliance on the difficulties inherent in prison life is insufficient to demonstrate equitable tolling. *Allen v. Johnson*, 602 F. Supp. 2d 724, 727-28 (E.D. Va. 2009) (quoting *Warren v. Kelly*, 207 F. Supp. 2d 6, 10 (E.D.N.Y. 2002) ("'[T]ransfers between prison facilities, solitary confinement, lockdowns, restricted access to the law library and an inability to secure court documents do not qualify as extraordinary circumstances.'")); *Studevant v. Clarke*, No. 1:11cv1242, 2012 U.S. Dist. LEXIS 73454, 2012 WL 1901288 at *4 (E.D. Va. May 24, 2012); *Jones v. Hulick*, 449 F.3d 784, 789 (7th Cir. 2006); *Corrigan v. Barbery*, 371 F. Supp. 2d 325, 330 (W.D.N.Y. 2005) ("In general, the difficulties attendant on prison life, such as . . . restricted access to the law library . . . do not by themselves qualify as extraordinary circumstances."). Berry's reasons offered to justify equitable tolling consist of nothing more than the ordinary hardships of a *pro se* inmate filing for collateral relief. Therefore, I find that Berry's untimely

3

filing of his motion was caused, at most, by his lack of due diligence, which does not warrant application of the equitable tolling doctrine. *See Miller*, 145 F.3d at 618 (holding that, for equitable tolling to apply, petitioner must show that he exercised reasonable diligence in bringing or investigating the claims). Accordingly, I find that Berry's § 2255 motion is untimely filed.

## III.

For the reasons stated, I will dismiss Berry's § 2255 motion as untimely filed.

The Clerk of the Court is directed to send certified copies of this memorandum opinion and accompanying order to petitioner.

**ENTER:** This 14th day of January, 2013.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

4