CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
2/6/2020
JULIA C. DUDLEY, CLERK
BY: s/ A. Little
   DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 3:09-cr-00019 |
| v. | MEMORANDUM OPINION |
| STACY LAMONT BERRY, | JUDGE NORMAN K. MOON |
| *Defendant.* | |

This matter is before the Court on Defendant Stacy Lamont Berry's Motion to Vacate Pursuant to 28 U.S.C. § 2255 (Dkt. 137) ("§ 2255 Motion"), the United States' Motion to Dismiss Berry's § 2255 Motion (Dkt. 143), the United States' Supplemental Response to Motion to Vacate Pursuant to 28 U.S.C. § 2255 (Dkt. 151), the Court's Order directing Berry to respond to the United States' Supplemental Response (Dkt. 152), and Berry's response thereto (Dkt. 153). Although the United States initially moved to dismiss Berry's § 2255 Motion, the United States has withdrawn its opposition to Berry's § 2255 Motion, and now concedes that—in light of *United States v. Davis*, 139 S. Ct. 2319 (2019), and *United States v. Simms*, 914 F.3d 229 (4th Cir. 2019) (en banc)—Berry's conviction under 18 U.S.C. § 924(c) in Count Two must be vacated and that Berry must be resentenced.

For the following reasons, the Court will grant Berry's § 2255 Motion and will schedule resentencing in this case.

**Background**

In April 2010, a jury convicted Berry of three of the four counts set forth in the Superseding

1

Indictment. Jury Verdict, Dkt. 73. Berry was convicted of Counts One and Three, each for attempt or conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951, as well as Count Two, brandishing and discharging a firearm in the commission of a crime of violence, specifically that charged in Count One, in violation of 18 U.S.C. § 924(c)(1)(A). Dkt. 73 at 2–3.

On June 20, 2016, the Fourth Circuit issued an order granting Berry authorization to file a second or successive § 2255 motion, and Berry subsequently filed his pending § 2255 Motion. Dkts. 136, 137. In his § 2255 Motion, Berry relied heavily upon the Supreme Court's decision in *United States v. Johnson*, 135 S. Ct. 2551, 2557 (2015), which struck down the residual clause in the Armed Career Criminal Act as unconstitutionally vague. Dkt. 137 at 1–2. Berry argued that the comparable residual clause in § 924(c)(3)(B) was also void for vagueness, and that his underlying conviction in Count One for attempt or conspiracy to commit Hobbs Act robbery did not otherwise qualify as a "crime of violence" under § 924(c)(3)(A). Accordingly, Berry argued that the Court should vacate his conviction and sentence on Count Two of the Superseding Indictment. Dkt. 137 at 22, 23.

This case was long stayed pending resolution of *United States v. Walker*, No. 15-4301 (4th Cir.). Order of Jan. 25, 2017, Dkt. 145. After the Fourth Circuit issued its decision in *United States v. Walker*, 934 F.3d 375 (4th Cir. 2019), Berry filed a Motion to Lift the Stay. Dkt. 147. In that motion, Berry argued that "[t]he state of the law surrounding 18 U.S.C. § 924(c)(3) has changed much since Berry first filed his [§ 2255] motion in 2016." *Id.* at 3. Berry now contends that, after Supreme Court's opinion in *United States v. Davis* and the Fourth Circuit's decision in *United States v. Simms*, "there can be no question that conspiracy to commit Hobbs Act robbery does not qualify as a predicate crime of violence for 18 U.S.C. § 924(c) purposes. Accordingly, Berry is

2

entitled to § 2255 relief and vacatur of Count Two of the Superseding Indictment." Dkt. 147 at 4. Judge Hoppe lifted the stay and directed the United States to file a supplemental response to Berry's § 2255 Motion. Dkt. 148.

The United States wrote in its Supplemental Response that, because the Supreme Court's decision in *Davis* held invalid the residual clause of 18 U.S.C. § 924(c), the United States would "withdraw[] its objections to the timeliness of the defendant's petition and withdraw[] its procedural default arguments." Dkt. 151 at 2. The United States also asserted that, because Berry was charged in a single count with both attempting and conspiracy to commit a Hobbs Act robbery, and the jury verdict did not specify which was the basis of the conviction, "[t]here is no means of establishing whether the conviction was for attempt, as opposed to conspiracy." *Id.* Thus, because "it cannot be established the conviction qualifies as a crime of violence," the United States "concede[d] that [Berry's] § 924(c) conviction must be vacated." *Id.*

The United States further argued that, under the "sentencing package doctrine," this Court should "vacate the sentences imposed on the remaining counts of conviction and reconsider the entire sentence." *Id.* at 3. Since vacating Berry's ten-year consecutive § 924(c) sentence "radically changes the sentencing package," the United States argued that the "entirety of Berry's sentence [should] be vacated and a resentencing hearing held," with the Court to resentence Berry "on the remaining counts of conviction." *Id.* at 3, 6.

Because Berry's prior filings had not directly addressed the "sentencing package doctrine" or whether the Court should conduct a full resentencing on the remaining counts of conviction, the Court ordered Berry to respond to these issues. Dkt. 152. In his response, Berry agreed with the United States that precedent "supports a full resentencing on the remaining counts of conviction,"

3

and that "Count Two should be vacated, and a full resentencing on Counts One and Three is appropriate." Dkt. 153 at 1–2. However, Berry disputed any suggestion by the United States that "a harsher sentence on Counts One and Three may be appropriate," and indicated he would further develop such arguments in a sentencing memorandum. *Id.* at 2.

## Analysis

Section 924(c)(1)(A) states that a person who uses or carries a firearm "during and in relation to any crime of violence or drug trafficking crime" or possesses a firearm "in furtherance of any such crime" may be convicted both for the underlying predicate crime and utilizing a firearm in connection with such crime of violence or drug trafficking crime. 18 U.S.C. § 924(c)(1)(A). A "crime of violence" is a felony that "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." *Id.* § 924(c)(3)(A)–(B). The first clause of the crime of violence definition is sometimes called the elements or force clause; the second clause is known as the residual clause. A conviction under § 924(c) carries with it at least five years' imprisonment that will run consecutive to the underlying crime of violence or drug trafficking crime. *Id.* § 924(c)(1)(A).

In *United States v. Davis*, the Supreme Court held that the residual clause in 18 U.S.C. § 924(c)(3)(B), was unconstitutionally vague. 139 S. Ct. at 2336 ("We agree with the court of appeals' conclusion that § 924(c)(3)(B) is unconstitutionally vague."). In *United States v. Simms*, the Fourth Circuit held that conspiracy to commit Hobbs Act robbery does not qualify as a crime of violence under the elements clause in § 924(c)(3)(A). 914 F.3d 229, 233–34 (4th Cir. 2019) (en

4

banc). While the Fourth Circuit has not ruled whether attempt to commit Hobbs Act robbery is a crime of violence under the elements clause, this Court notes that there is precedent to that effect. *E.g.*, *Castellon v. United States*, No. 3:16-cv-246, 2020 WL 400634, at *5 (W.D.N.C. Jan. 23, 2020) (writing that "[l]ogic and decisions of other courts" supported court's holding that attempted Hobbs Act robbery was a crime of violence under the elements clause).

In this case, the Court need not rule whether attempted Hobbs Act robbery qualifies as a crime of violence. Berry was charged with, and convicted of, attempting or conspiring to commit Hobbs Act robbery in Count One. Dkts. 47 (Indictment), 72 (Jury Instructions), 73 (Verdict Form). The parties acknowledge that "the jury instructions allowed for a conviction on either conspiracy or attempted Hobbs Act robbery, and the jury verdict was a general verdict which does not specify which was the basis of the conviction." Dkt. 151 at 2 (United States' Supplemental Response); *see also* Dkt. 147 (Berry's response, arguing that "the jury instructions are clear that it need only find that Berry conspired to commit Hobbs Act robbery to find him guilty on Count One"). Indeed, as the United States has conceded, "there is no means of establishing whether the conviction was for attempt"—which *could* qualify as a crime of violence—"as opposed to conspiracy"—which *does not* qualify as a crime of violence under *Simms*. Dkt. 151 at 2.

The Court agrees with the United States that, because "it cannot be established whether the conviction qualifies as a crime of violence," Dkt. 151 at 2, Berry's now-uncontested § 2255 motion should be granted and his § 924(c) conviction should be vacated. *See, e.g.*, *Moss v. United States*, No. 4:16-cv-82, 2019 WL 5079713, at *2 (E.D.N.C. Oct. 10, 2019) (granting petitioner's uncontested § 2255 motion to vacate his § 924(c) conviction and sentence based on a conviction for conspiracy to commit Hobbs Act robbery); *United States v. Oliver*, No. 3:11-cr-63, 2019 WL

5

3453204, at *3–4 (E.D. Va. July 30, 2019) (same).

The parties agree that if Berry's § 924(c) conviction in Count Two is vacated, the Court should vacate his sentence in its entirety and resentence him on his remaining counts of conviction, Counts One and Three. *See* Dkt. 151 at 2–6 ("The appropriate remedy is to vacate the § 924(c) conviction and the sentences on the remaining counts to allow for resentencing in accordance with the sentencing package doctrine."); Dkt. 153 at 2 ("Berry agrees with the Government that Count Two should be vacated, and a full resentencing on Counts One and Three is appropriate."). As the parties acknowledge, the Fourth Circuit has provided guidance to district courts about resentencing after one count of conviction has been vacated—the prior sentence "becomes void in its entirety, and the district court is free to revisit any rulings it made at the initial sentencing." *United States v. Ventura*, 864 F.3d 301, 309 (4th Cir. 2017). The district court is to employ a "holistic approach" when sentencing a defendant convicted of multiple offenses, and the sentencing package doctrine accounts for that approach when one conviction of several is removed. *See id.*

Accordingly, since Berry's conviction on Count Two of the Superseding Indictment has been vacated, the Court holds that Berry's sentence will be vacated in its entirety, and that Berry will be resentenced on his remaining counts of conviction, Counts One and Three forthwith.

## Conclusion

For these reasons, the Court will, in an accompanying Order to follow, grant Berry's § 2255 Motion, vacate his conviction for Count Two, vacate his sentence in its entirety, and set this case for resentencing on Berry's remaining counts of conviction, Counts One and Three. The Court will also deny the United States' Motion to Dismiss the § 2255 Motion, since the United States has withdrawn its opposition to Berry's § 2255 Motion.

6

The Clerk of the Court is hereby directed to send a certified copy of this Memorandum Opinion and accompanying Order to all counsel of record.

Entered this 6th day of February, 2020.

*Norman K. Moon*
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE