UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>STACY LAMONT BERRY,<br><br>*Defendant.* | CASE NO. 3:09-cr-00019<br><br>MEMORANDUM OPINION<br>& ORDER<br><br>JUDGE NORMAN K. MOON |

    This matter is before the Court on Defendant Stacy Lamont Berry's motions for compassionate release. Because Defendant has not presented any extraordinary and compelling reason for a reduced sentence and the § 3553 factors weigh against any reduction, the motions will be denied.

    After initially sentencing Defendant in 2010, in October 2020, this Court resentenced Defendant to a total term of 280 months' incarceration, upon two counts of conspiring or attempting to commit Hobbs Act robbery, stemming from two violent home invasions in 2008. Dkt. 173. During one the victim was shot in the back as he tried to escape the scene, leaving him paralyzed for life. Dkt. 160 ¶ 9 (PSR); Dkt. 160-2 (victim impact statement). The parties agreed that the advisory guideline range was 188 to 235 months' incarceration. Dkt. 184 at 6 (Resent. Tr.). The Government had asked that the Court impose a sentence of 350 months—the same sentence that this Court initially imposed.[1] Defendant had asked for a sentence of time served.

---

[1] Defendant was initially also convicted of brandishing and discharging a firearm in the

1

The 280-month sentence this Court imposed was an upward variance from the advisory guideline range, but a 70-month reduction from Defendant's original sentence.

Defendant subsequently filed a notice of appeal challenging his sentence. Dkts. 168, 172. While his appeal was pending before the Fourth Circuit, Defendant filed a *pro se* motion for compassionate release. Dkt. 188. In response to an Order permitting a supplemental filing from counsel, Defense counsel filed another motion for compassionate release. Dkt. 194. The Government filed a response arguing that Defendant had not shown extraordinary and compelling reasons for a sentence reduction and that in any event the § 3553 factors would not support any further sentence reduction. Dkt. 197.

The Court issued an Order concluding that "[b]ecause [Defendant] appealed his sentence imposed by this Court, and that appeal is pending before the Fourth Circuit, this Court lacks jurisdiction to grant his later-filed motions for compassionate release." Dkt. 204 at 4. Therefore, the Court determined that it would defer consideration of Defendant's motions for compassionate release until his appeal has concluded. Dkt. 204 at 5. The Fourth Circuit subsequently affirmed the sentence imposed, concluding that Defendant's "sentence is procedurally and substantively reasonable." Dkt. 211 at 4. Following the affirmance of Defendant's sentence, the Government filed a notice that it would not seek any further briefing. Dkt. 213. Defendant submitted a supplemental motion for compassionate release. Dkt. 216. The issues presented in Defendant's motions are fully briefed and ripe for decision.

---

commission of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A). Dkt. 73 at 2–3. But in 2020, the Court granted Defendant's § 2255 motion, vacated his § 924(c) conviction, and set a resentencing on Defendant's remaining counts of conviction. Dkt. 155.

2

A sentencing court generally cannot "modify a term of imprisonment once it has been imposed.'" *United States v. Hargrove*, 30 F.4th 189, 194 (4th Cir. 2022) (quoting 18 U.S.C. § 3582(c)). But a statutory exception allows the court, on a defendant's motion, to reduce the term of imprisonment if the court finds that "extraordinary and compelling reasons warrant such a reduction" after the defendant has asked the Bureau of Prisons and exhausted administrative appeals following denial of the request.[2] 18 U.S.C. § 3582(c)(1)(A)(i).

A defendant seeking relief under § 3582(c)(1)(A) has the burden of establishing the requested sentence reduction is warranted. *United States v. Griggs*, 462 F. Supp. 3d 610, 615 (D.S.C. 2020). If a defendant has shown that extraordinary and compelling reasons support a sentence reduction, the Court must consider the applicable factors under 18 U.S.C. § 3553(a) to determine whether a reduction is appropriate. 18 U.S.C. § 3582(c)(1)(A). A district court has "broad discretion in conducting this analysis." *United States v. Kibble*, 992 F.3d 326, 330 (4th Cir. 2021).

Defendant first argues that extraordinary and compelling circumstances warrant his immediate release because his mother (who had been the primary caregiver of his then 12-year-old son), was deteriorating in health and later died. Dkt. 188 at 1–2; Dkt. 188-1; Dkt. 203 (notice of death of Defendant's mother). "The death or incapacitation of the caregiver of [a] defendant's minor child" can be an extraordinary and compelling reason for compassionate release. U.S.S.G. § 1B1.13 n.1(C)(i). However, courts have generally denied compassionate release when another suitable caregiver is available for the defendant's child. *United States v. Barlow*, No. 7:19-cr-24,

---

[2] Or within 30 days from receipt of the request by the warden of defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A)(i).

2023 WL 2755598, at *3 (W.D. Va. Mar. 31, 2023) (Urbanski, C.J.); *United States v. Lottier*, No. 7:16-cr-30, 2020 WL 7233363, at *2 (W.D. Va. Dec. 7, 2020) (Dillon, J.). Here the record shows multiple suitable alternative caregivers who have been caring for Defendant's minor child—namely Defendant's fiancée and his son's great-grandmother, who is still in her early 70s. *See* Dkt. 203 (describing arrangements caring for Defendant's son). Defendant certainly has not made a "robust evidentiary showing" that he is the only alternative caregiver for his son. *See Barlow*, 2023 WL 2755598, at *3.

Defendant also argues that compassionate release is warranted because he "is at a higher risk" of serious illness from COVID-19 on account of his "hypertension" and "mental illnesses," specifically "mixed emotion disorder." Dkt. 188 at 3. "In the context of the COVID-19 outbreak, courts have found extraordinary and compelling reasons for compassionate release [under § 3582(c)(1)(A)] when an inmate shows both a particularized susceptibility to the disease and a particularized risk of contracting the disease at his prison facility." *United States v. Colleton*, No. 21-6015, 2022 WL 18500, at *1 (4th Cir. Jan. 3, 2022) (unpublished, per curiam) (citation omitted). To be sure, hypertension is a factor that would place Defendant at a higher risk of severe COVID-19. Similarly, mood disorders and other mental health conditions may also put someone at higher risk of getting very sick from COVID-19.[3] However, Defendant is also quite young at thirty-five years old, otherwise generally healthy, and does not assert he has any other medical conditions putting him at higher risk. Moreover, the Court notes that Defendant's

---

[3] *See* CDC, *People with Certain Medical Conditions* (Feb. 10, 2023), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

4

facility of incarceration (Thomson USP), presently has 349 staff and 933 inmates vaccinated against COVID-19, and there are no current COVID-19 cases in the facility.[4] Thus, considering the totality of the circumstances presented, including the now-widespread availability of the COVID-19 vaccine among the public and in BOP facilities, Defendant has made (and can make) no substantial argument of particularized susceptibility to the disease, or particularized susceptibility of contracting the disease at his prison. At bottom, Defendant has not shown any "extraordinary and compelling reasons" for a sentence reduction on account of risks presented by COVID-19.

Next, Defendant argues that a sentence reduction is warranted because this Court and the Fourth Circuit on appeal from his re-sentencing "relied on an error on the Guidelines." Dkt. 216 at 1. The Fourth Circuit held that this Court "properly calculated and considered [Defendant's] advisory Guidelines range of 188 to 235 months." Dkt. 211 at 4. Defendant now argues that it should have been 151–188 months. Dkt. 194 at 2–3. In Defendant's view, the PSR's two-point multiple-count adjustment in U.S.S.G. § 3D1.4 should not have been applied, meaning his total offense level should have been 34 instead of 36—resulting in a sentencing guideline range of 151–188 months, instead of 188–235. *Id.* at 2–3. However, "[a] compassionate relief motion cannot be used to challenge the validity of a defendant's conviction or sentence." *United States v. Ferguson*, 55 F.4th 262, 272 (4th Cir. 2022). Defendant's argument that his "Guideline range was calculated incorrectly" is a "quintessential collateral attack" on Defendant's sentence "that must be brought via a § 2255 [motion]." *Id.* at 266, 271.

---

[4] *See* Bureau of Prisons, *BOP COVID-19 Statistics*, http://bop.gov/coronavirus/covid19_statistics.html (last visited Apr. 28, 2023).

Finally, Defendant argues that "his brain was not fully developed at the time" of his offenses. Dkt. 188 at 3. In a supplemental filing, his counsel referred this Court to further "science and research supporting [Defendant's] argument." Dkt. 194 at 1–4 (citing memorandum in *United States v. Keyes*, No. 3:03-cr-8, Dkt. 436). Defendant was 19 years old when he committed the robberies. But one hurdle for this argument, as Defense counsel acknowledged, was that at re-sentencing the Court expressly considered Defendant's youth and lack of a criminal history when he committed the underlying robberies. Dkt. 184 at 34 (resentencing transcript); Dkt. 194 at 1.

Another (also insurmountable) hurdle is that the social science research cited predates this case by years. *See United States v. Keyes*, No. 3:03-cr-8, Dkt. 436 at 8–18. Courts in the Fourth Circuit have determined that comparable arguments failed to present any "extraordinary and compelling" reasons for a sentence reduction. *See, e.g.*, *United States v. Miller*, No. 1:10-cr-13, 2022 WL 4221091, at *2 (M.D.N.C. Sept. 13, 2022) (explaining that defense counsel and "the Court would have had the benefit of the social science research at the time of his sentencing that explained that 'the brain does not cease to mature until the early 20s in those relevant parts that govern impulsivity, judgment, planning for the future, foresight of consequences, and other characteristics that make people morally culpable'") (internal citation omitted)). Indeed, "courts have long understood the concept that 'the brain remains under construction during adolescence,'" which was "known to the Court at the time of [Defendant's] sentencing and do not constitute extraordinary and compelling reasons" for a reduced sentence. *See United States v. Straite*, No. 1:11-cr-321, 2022 WL 1470412, at *2 (M.D.N.C. May 10, 2022). Simply put, Defendant has presented no new information—much less "extraordinary and compelling"

6

reasons—supporting any sentence reduction. Further still, this argument is in the nature of a challenge to the underlying sentence, which would not be cognizable in a compassionate release motion. *See Ferguson*, 55 F.4th at 272.[5]

While Defendant has failed to present any "extraordinary and compelling" reason for a sentence reduction, the § 3553(a) factors would not be fulfilled by any lesser sentence than the 280 months imposed. The Court fully addressed the § 3553(a) factors only months before Defendant's motion for compassionate release. Dkt. 184 at 31–39 (Resent. Tr.). In his compassionate release motion, he briefly argues that he "is not a threat to the community," and had "already served a significant portion of his prison sentence." Dkt. 188 at 3. But those arguments are just like those the Court already considered and rejected just months earlier. There, the Court stressed "the violent nature of the offenses." *Id.* at 35–36. For one robbery, Defendant put a gun in the victim's face, and held him at gunpoint while his codefendant (Jackson) searched for marijuana and money, and vice versa. When Jackson said they should shoot the victim, Defendant fired his gun into the wall. For the other robbery, when the victim opened the door Jackson hit him in the face, and when the victim ran into the parking lot trying to escape, they shot him in the back with a 9-milimeter pistol. Defendant had been carrying his 9-mm. pistol. The victim, Mr. Townsend, is paralyzed for life as a result. Thus, the Court

---

[5] Defendant further argued that "[t]he jail where [he] [was] currently being held [was] doing very little to treat and accommodate inmates with higher stress levels from mental illness." Dkt. 188 at 3. He contended that COVID-19 would further increase "the stress and anxiety levels of most [A]mericans," and that would be worse for him in view of his mental illness. *Id.* at 4. However, Defendant is no longer incarcerated at Central Virginia Regional Jail but instead is at Thomson USP in Illinois, and he has raised no comparable issues concerning that facility. Thus, neither does this issue demonstrate extraordinary and compelling reasons for a sentence reduction.

concluded that "a significant sentence is required to send a message to others that home invasions such as this and the violence accompanying these offenses is just intolerable." *Id.* at 34–35. Moreover, as the Court noted, Defendant has not been a model inmate. In March 2019, Defendant assaulted another inmate so badly that he had to be transferred to a local hospital. On another occasion in 2017, he was found in possession of a hazardous tool. *Id.* at 34. Notwithstanding evidence of several classes that he has taken as showing some rehabilitation, on balance the Court concludes that the upward variance was warranted particularly "based on the nature and the circumstances of the crime," and that no lesser sentence would fulfill the relevant § 3553(a) factors.

Because Defendant has not presented any "extraordinary and compelling" reason for a sentence reduction, and because the § 3553(a) factors would not be served by any sentence reduction, the Court will **DENY** Defendant's motions for compassionate release. Dkts. 188, 194, 216.

It is so **ORDERED**.

The Clerk of the Court is hereby directed to send a certified copy of this Memorandum Opinion and Order to all counsel of record.

Entered this 1st day of May 2023.

*[signature: Norman K. Moon]*
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE