CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
April 16, 2025
LAURA A. AUSTIN, CLERK
BY: s/ D. AUDIA
     DEPUTY CLERK

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF VIRGINIA
### CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 3:09-cr-00019 |
| v. | MEMORANDUM OPINION |
| STACY LAMONT BERRY, | |
| *Defendant.* | JUDGE NORMAN K. MOON |

Defendant Stacy Lamont Berry moves to vacate, set aside, or correct his resentencing pursuant to 28 U.S.C. § 2255 arguing ineffective assistance on the part of his resentencing and appellate counsel. Dkt. 221. Because the evidence does not support his claim, the Court will dismiss his motion and grant the United States' Motion to Dismiss (Dkt. 223).

## Legal Standard

Collateral attacks on a conviction or sentence require a petitioner to establish an error of constitutional or jurisdictional magnitude which could not have been raised on direct appeal. *Hill v. United States*, 368 U.S. 424, 428 (1962). However, ineffective assistance of counsel is subject to collateral attack. *Massaro v. United States*, 538 U.S. 500, 509 (2003). The petitioner bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. *Jacobs v. United States*, 350 F.2d 571, 574 (4th Cir. 1965).

In deciding a § 2255 motion, the Court need not hold a hearing if "the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. This is such a case. The Court must interpret these motions liberally when the petitioner

1

proceeds pro se. *United States v. Mayhew*, 995 F.3d 171, 184 (4th Cir. 2021).

## Background

Berry was involved in two separate Hobbs Act robberies in Charlottesville in 2009. In the first robbery, Berry pistol whipped the victim in the face with a .9 mm handgun, beat him, and discharged the firearm before leaving. Dkt. 160 (Presentencing Report) ¶ 8. Berry shot the victim of the second robbery in the back as he ran for safety, leaving him paralyzed from the waist down. *Id.* ¶ 9; Dkt. 101 (Trial Tr.) 130:13-21.

In April 2010, a jury convicted Berry of three of the four counts set forth in the Superseding Indictment. Dkt. 73 (Jury Verdict). He was convicted of Counts One and Three, each for attempting or conspiring to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951, as well as Count Two, brandishing and discharging a firearm in the commission of a crime of violence, specifically that charged in Count One, in violation of 18 U.S.C. § 924(c)(1)(A). Dkt. 73 at 2–3. The jury failed to reach a unanimous verdict on Count Four. The Court declared a mistrial and dismissed Count Four on the Government's motion. The Court sentenced Berry to a total of 350 months' incarceration on July 8, 2010. Dkt. 88 (Judgment).

Berry filed a direct appeal of his original conviction and sentence, which the Fourth Circuit affirmed on May 3, 2011. Dkt. 105. Over a year later, on December 17, 2012, he filed a § 2255 motion (Dkt. 115) which the Court dismissed as untimely (Dkt. 119). The Fourth Circuit affirmed on April 2, 2013. Dkt. 127.

Berry filed a second § 2255 motion citing *United States v. Davis*, 588 U.S. 445 (2019) which held that conspiracy to commit Hobbs Act robbery does not qualify as a predicate crime of violence for 18 U.S.C. § 924(c) purposes. This second § 2255 motion was allowed because *Davis*

established a new rule of law that was retroactive to Berry's case. As a result of *Davis*, the Court vacated Count Three and resentenced Berry to 280 months' incarceration on October 13, 2020—an upward variance, but seventy months less than the original sentence. Dkt. 167. The Fourth Circuit affirmed the resentencing on appeal, finding that the District Court had properly calculated Berry's advisory guideline range and that the ultimate sentence was procedurally and substantively reasonable. Dkt. 211 at 4. The Fourth Circuit issued its mandate on September 8, 2022 (Dkt. 217), and Berry filed the pending § 2255 motion timely on August 30, 2023 (Dkt. 221).

Berry argues that his resentencing counsel was ineffective because he did not object to enhancements based on a "crime of violence." Dkt. 221 ¶12. He argues that his appellate counsel was ineffective for failing to challenge imposed firearm enhancements and his sentence in light of *United States v. Green*, 996 F.3d 176 (4th Cir. 2021). *Id.*

**Analysis**

To prove ineffective assistance of counsel, Berry must satisfy the two-pronged test set forth in *Strickland v. Washington* and show that (1) counsel's performance was deficient and (2) he was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In applying *Strickland*, courts need not address both prongs if the petitioner makes an insufficient showing on one. *Moore v. Hardee*, 723 F.3d 488, 500 (4th Cir. 2013).

Berry must show that counsel's representation fell below an objective standard of reasonableness, having made errors so serious that he was not functioning as the counsel that the Sixth Amendment guarantees. *Strickland*, 466 U.S. at 687–88. *Strickland* established a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Judicial scrutiny of counsel's performance must be highly deferential and

3

every effort must be made to eliminate the distorting effects of hindsight and to evaluate the challenged conduct from counsel's perspective at the time. *Id.*

To establish prejudice, Berry must demonstrate a "reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." *Id.* at 694.

1. <u>Resentencing counsel was not ineffective for failing to object to "crime of violence" enhancements</u>.

Berry insists that he received "crime of violence" enhancements when resentenced and that his counsel was ineffective in not objecting to them. Dkt 221 at 4. However, a review of the Presentencing Report (PSR) (Dkt. 160) demonstrates that although Berry received enhancements related to the violent nature of his crimes, he did not receive any "crime of violence" enhancements as that phrase is interpreted in the Sentencing Guidelines and applied by probation. Counsel was not ineffective in failing to raise an inapplicable objection.

According to the PSR, the Base Offense Level for Count One was 20, and probation applied guideline enhancements for the discharge of a firearm (+7), causing bodily injury (+2), physically restraining an individual during the offense (+2) and taking a controlled substance from the victim (+1) for a total offense level of 32. Dkt. 160 ¶15-19, 23. For Count Three, the Base Offense Level was 20, and Berry received guideline enhancements for the discharge of a firearm (+7), causing permanent injury (+4), physically restraining an individual during the offense (+2) and taking a controlled substance from the victim (+1) for a total offense level of 34. *Id.* ¶¶ *24-28, 32.* Probation then applied the sentencing guidelines provisions relating to the determination of combined offense levels set forth in U.S.S.G. § 3D1.4. As a result, Berry's total offense level was 36. *Id.* ¶ 38. Berry's criminal convictions resulted in a criminal history category of I. *Id.* ¶¶ *43-46.* Based on a total offense level of 36 and a criminal history category I, the advisory guideline range for imprisonment

4

was 188 to 235 months. *Id.* ¶ 64. At resentencing, both the Government and defense counsel agreed with this calculation. Dkt. 163 (Government's Sentencing Memorandum) at 8; Dkt. 162 (Defendant's Sentencing Memorandum) at 6. Although the enhancements he received were due to the violent nature of his crimes, Berry did not receive any enhancement requiring a "crime of violence" finding. Counsel was not ineffective for failing to object to the enhancements.

Wisely, counsel did not focus on the violence enhancements. Berry and his accomplices pistol whipped the victim of Count One, severely injuring him, and Berry fired a shot before leaving the scene of the crime. Berry shot the victim of Count Two in the back while he was attempting to flee, permanently paralyzing him from the waist down. Berry and his accomplices stole drugs from each of the victims. Each enhancement was supported by the evidence at trial and was not objected to in the PSR, noted on appeal or raised in a timely § 2255 motion. Prudently, resentencing counsel instead chose to focus on Berry's rehabilitation, arguing that he had matured and taken every opportunity to improve himself, and that serving a sentence during Covid-19 was more arduous than serving a sentence under normal conditions. Arguing that the evidence did not support the enhancements would have been disingenuous and would have distracted from the only two good faith arguments. Since counsel was not "ineffective," there can be no prejudice.

2. <u>Appellate counsel was not ineffective for failing to challenge the firearm enhancements or Berry's sentence under *Green*.</u>

Berry argues that his appellate counsel was ineffective because he failed to challenge Berry's firearm enhancements or his resentence under the Fourth Circuit's reasoning in *United States v. Green*, 996 F.3d 176 (4th Cir. 2021). Demonstrating ineffective assistance of counsel is particularly difficult in the appellate context where counsel filed a merits brief raising some, but not all, possible issues. *Smith v. Robbins*, 528 U.S. 259, 288 (2000) (citing *Jones v. Barnes*, 463

5

U.S. 745 (1983)). Appellate counsel need not and should not raise every nonfrivolous claim. *Id.* Rather, effective counsel may select what issues to raise on appeal to maximize the likelihood of success. *Id.* The presumption of effectiveness is only overcome when the issues presented are weaker than those not presented. *Id.*

Appellate counsel filed an 18-page brief in which he argued that this Court erred in selecting and explaining a departure and variant sentence greatly above the guideline range without any specific consideration of the accurate scoring and guideline policy and without fully considering Berry's rehabilitative efforts. *See* Appellant's Br. at 4, *United States v. Berry,* Case No. 20-4545, Dkt. 20 (4th Cir. Feb. 26, 2021). Counsel argued that due to this error, Berry's resentencing was unreasonable and should be vacated. Counsel chose not to raise the firearm enhancements noted in Berry's initial PSR (to which Berry did not object and which were incorporated into the Final PSR and imposed in the resentencing.) *See* Dkt. 159 ¶¶ 16-20, 25-28; Dkt. 160 ¶ 16, 25; Dkt. 167. Rather, appellate counsel, like resentencing counsel, wisely chose not to raise violence enhancements in favor of focusing on Berry's rehabilitative efforts.

Moreover, on appeal, the Fourth Circuit affirmed Berry's sentence and therefore the firearm enhancements, finding that the District Court had properly calculated the guidelines. Dkt. 211 at 4. Because the guidelines were correct, challenging an enhancement as part of the guidelines was not a stronger argument than those appellate counsel raised. Berry cannot overcome the presumption of counsel's effectiveness nor can he demonstrate prejudice regarding counsel's decision not to raise the firearm enhancements.

Berry also argues that counsel was ineffective in failing to challenge his sentence in light of *United States v. Green*, 996 F.3d 176 (4th Cir. 2021). In *Green,* the issue on appeal was whether

Hobbs Act robbery is a "crime of violence" under the Sentencing Guidelines' career offender provision. The Fourth Circuit held that it is not. *Green*, 996 F.3d at 184. Berry was not sentenced or resentenced as a "career offender" thus *Green* is inapplicable and counsel was not ineffective for failing to raise an irrelevant issue. Moreover, any "crime of violence" issues were adjudicated when Berry's § 924(c) conviction was vacated under *Davis*. Berry cannot show that counsel's failure to challenge his sentence in light of *Green* was an error nor that he was prejudiced.

## Conclusion

Because Berry cannot show that either resentencing counsel or appellate counsel was ineffective, or that he was prejudiced in any way, his § 2255 Motion (Dkt. 221) is denied, and the United States' Motion to Dismiss (Dkt. 223) is granted.

The Clerk of the Court is directed to send a copy of this Memorandum Opinion and accompanying Order to Berry and all counsel of record.

Entered this 16th day of April, 2025.

_____
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE